# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE LEWIS HALL, III, | : | Case No. 2:25-cv-580 |
| Plaintiff, | : | |
| | : | District Judge Michael H. Watson |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| JEREMY EVANS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# ORDER AND
# REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff's motions to appoint counsel (Doc. 2); to add a statement regarding venue to his Complaint (Doc. 3); and to transfer prisons (Doc. 4). Plaintiff has been granted leave to proceed *in forma pauperis* by way of a separate Order. Given the nature of the matters raised in the above motions, the Court will address them before conducting the initial screen of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915A(a) & 1915(e)(2).

### A. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel (Doc. 2). The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), and Congress has not provided funds to compensate lawyers who might agree to represent such plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by

exceptional circumstances. *Id.* at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases that proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. As our sister court in the Eastern District of Michigan has recently reiterated:

> "An 'exceptional circumstance' is something 'beyond relatively routine circumstances such as illiteracy, poverty, lack of legal knowledge, or illness.'" (ECF No. 18, PageID.67) (quoting *Andwan v. Village of Greenhills*, No. 1:13-cv-624, 2017 WL 194347, at *7 (S.D. Ohio Jan. 18, 2017)). The difficulties of litigating a case due to incarceration alone do not warrant appointment. *See, e.g., Jeter v. Lawless*, No. 1:19-CV-623, 2019 WL 6044202 (S.D. Ohio Nov. 15, 2019) (no exceptional circumstances found where plaintiff alleged difficulty in litigating matter due to incarceration and placement in segregation).

*Sanders v. Purdom*, No. 2:23-CV-11413, 2024 WL 4294635, at *1 (E.D. Mich. Sept. 25, 2024).

Accordingly, Plaintiff's motion to appoint counsel (Doc. 2) is **DENIED** at this time. Plaintiff may refile his motion if this case proceeds to trial.

### B. Motion to Include Statement Regarding Venue

The undersigned Magistrate Judge next turns to Plaintiff's motion to add a statement regarding venue. (Doc. 3). Plaintiff indicates that the statement was inadvertently omitted from his Complaint. (*Id.* at PageID 37).

"A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule

2

12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Because no defendant has been served in this action, it follows that no defendant has answered plaintiff's Complaint or filed a motion under Rule 12. Thus, Plaintiff may amend his Complaint as a matter of course, and his motion to supplement his Complaint with his statement of venue (Doc. 3) is hereby **GRANTED**. *See Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *3 (6th Cir. Jan. 23, 2009) (holding that "Rule 15(a) permits a plaintiff to file an amended complaint, without seeking leave from the court, at any time before a responsive pleading is served"). Plaintiff's statement concerning venue will be considered as part of Plaintiff's Complaint. The Clerk of Court is **DIRECTED** to note that when Plaintiff's Complaint (Doc. 1-1) is filed as a separate document, the Motion for Leave to File Motion of Missing Venue (Doc. 3) should be filed with it.

### C. Motion to Transfer

In his third motion (Doc. 4), Plaintiff, who is currently housed at the Southern Ohio Correctional Facility (SOCF) and has filed a Complaint concerning alleged violations of his rights at the Ross Correctional Institution (RCI), requests transfer to the Toledo Correctional Institution (TOCI) or the Ohio State Penitentiary (OSP) based on allegations that he has been subjected to retaliation at SOCF and was threatened at RCI. (*See* Doc. 4, at PageID 42). Given the nature of the motion, the undersigned construes it as seeking preliminary injunctive relief.

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other grounds. by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar.

2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distributors of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

A preliminary injunction is not warranted in this case. With respect to the first factor, Plaintiff has not established a strong likelihood of success on the merits. Plaintiff alleges that one of the Defendants at RCI—the institution where the incidents in the Complaint are alleged to have occurred—told him that "it's gonna get wors[e] for you . . ., this follows you to the next prison." (Doc. 4, at PageID 42.) Assuming the truth of Plaintiff's allegation, it is unlikely to support a successful claim for a violation of Plaintiff's constitutional rights. *See Snelling v. Smith*, No. 1:16-CV-656, 2016 WL 6518264, at *6 (W.D. Mich. Nov. 3, 2016) ("Allegations of verbal harassment or threats by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment.") (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam)). And to the extent the transfer request is based on alleged conduct by unidentified non-defendant staff at SOCF—where Plaintiff is currently housed— allegations that are not raised in Plaintiff's Complaint cannot provide a basis for relief. *See Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) ("[A] party moving for a

5

preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994)).  Further, any complaints that Plaintiff has about his treatment at SOCF would have to be brought in a separate lawsuit. *See, e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (unrelated claims against different defendants must be brought in separate lawsuits).

      Turning to the requirement to show irreparable injury, Plaintiff's allegations of threats made at **RCI** fail to show that he is likely to suffer irreparable injury at **SOCF** without the requested transfer.  *See Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991) (requiring that to obtain an injunction, "the harm alleged must be both certain and immediate, rather than speculative or theoretical.").  *See also Talbert v. Wetzel*, No. 20-cv-3010, 2020 WL 4284298, at *4 (E.D. Pa. July 27, 2020) ("The threatened violence against [the plaintiff] for being a snitch does not constitute imminent danger of serious physical injury because the threatening person has not harmed [the plaintiff] and [the plaintiff] does not plead this person will have the opportunity soon."); *Cooper v. Bower*, No. 5:15-cv-249, 2017 WL 3389521, at *4 (W.D. Ky. Aug. 4, 2017) (plaintiff's allegation that "staff keep assaulting" him and his conclusory statement that "it is obvious that my life is in danger" do not constitute evidence warranting the injunctive relief of a prison transfer); *Gumpl v. Seiter*, 687 F. Supp. 1212, 1213-14 (S.D. Ohio 1988) (speculative threat of injury insufficient to grant injunctive relief).

The final two factors also weigh against granting Plaintiff's motion for injunctive relief. "Issuing preliminary injunctive relief transferring Plaintiff to a different prison would result in harm to both the defendants and the public, because providing appropriate supervision of [Ohio's] inmate population necessarily requires the ability to determine where prisoners are appropriately housed." *Carter v. Bouchard*, No. 21-cv-12309, 2021 WL 5774541, at *3 (E.D. Mich. Oct. 14, 2021), *report and recommendation adopted*, No. 21-12309, 2021 WL 5770739 (E.D. Mich. Dec. 6, 2021). *See also Tolliver v. Noble*, No. 2:16-cv-1020, 2019 WL 2559512, at *2 (S.D. Ohio June 21, 2019) ("Both the Ohio Department of Rehabilitation and Corrections ('ODRC') and the public have an interest in prison officials' ability to regulate the transfer of inmates between facilities. Prison officials 'are in a far better position than this court is to evaluate the needs of the prison system writ large and, more specifically, the proper placement of Plaintiff within that system.'" (quoting *Fisher v. Caruso*, No. 06-CV-11110, 2007 WL 551603, at *3 (E.D. Mich. Feb. 20, 2007)); *McKune v. Lile*, 536 U.S. 24, 39 (2002) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). Additionally, a preliminary injunction is not warranted here because Plaintiff does not have a constitutional right to be housed at a particular facility. *See Harbin–Bey v. Rutter,* 420 F.3d 571, 577 (6th Cir.2005).

It is therefore **RECOMMENDED** that Plaintiff's motion for a preliminary injunction (Doc. 4) be **DENIED.**

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion to appoint counsel (Doc. 2) is **DENIED**;

2. Plaintiff's motion to add a statement regarding venue (Doc. 3) is **GRANTED**. The **Clerk of Court** is **DIRECTED** to attach Document 3 to Plaintiff's Complaint when it is filed as a stand-alone document on the docket.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for a preliminary injunction to accomplish his transfer to TOCI, OSP, or any other prison (Doc. 4) be **DENIED**.


July 11, 2025                                  */s/ Caroline H. Gentry*
Date                                            Caroline H. Gentry
                                                UNITED STATES MAGISTRATE JUDGE


**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District

8

Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).