UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| WILLIE LEWIS HALL, III, | : | Case No. 2:25-cv-580 |
| Plaintiff, | : | Chief District Judge Sarah D. Morrison |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| JEREMY EVANS, *et al.*, | : | |
| Defendants. | : | |

# ORDER

Plaintiff, an inmate currently incarcerated at the Southern Ohio Correctional Facility, brings this action alleging violations of his civil rights by numerous defendants during his prior incarcerations at the Ross Correctional Institution. Plaintiff has been permitted leave to proceed *in forma pauperis* by separate Order. (Doc. 5). Before this case may proceed, however, some preliminary matters must be addressed:

## I.     The Complaint (Doc. 1-1)

The Court understands Plaintiff's complaint to be filed under 42 U.S.C. § 1983. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) (Powell, J., concurring) ("Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights . . . secured by the Constitution and laws.'"). To establish liability under § 1983 against an individual defendant, a plaintiff must plead and prove that the defendant was personally involved in the conduct that forms the basis of his complaint. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Furthermore, a complaint must "give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).

Here, Plaintiff identifies multiple defendants in his complaint as "John" and/or "Jane Doe." (*See* Doc. 1-1). In some instances, Plaintiff appears to identify defendants as unknown even though he knows their last names. For example, Plaintiff names "Serge[a]nt Mays/John Doe," "Officer Buckner/John Doe," "Officer Osborne/John Doe," "Officer Thompson/John Doe." (*See* Doc. 1-1, *PageID* 9-10). Further, in the body of the complaint, Plaintiff does not consistently distinguish the unknown defendants from one another or connect certain allegations to any particular defendant, leaving the Court to guess which defendant is alleged to have acted and how. (*See, e.g.,* Doc. 1-1, *PageID* 11 ("a[n] officer tried to move inmate Freeman in cell with me . . . officers and Freeman walk away and come back minutes later with about four John Doe officers"); *PageID* 12 ("a[n] hour or so later inmate Freeman was put back in cell 223").

"Although it is permissible to file a complaint against John Doe Defendants when a Plaintiff has a good faith cause of action against such defendants, it is not appropriate to file an action against 'John Doe Defendants' without alleging any particular facts about those defendants." *Checkpoint Sys., Inc. v. Castleton Enters., Inc.*, No. 5:10-CV-128, 2010 WL 1742104, at *2 (N.D. Ohio Apr. 29, 2010). *See also Kabbaj v. John Does 1-10*, 600 F. App'x 638, 641 (11th Cir. 2015) (finding that John Doe defendants who are not sufficiently identified may be dismissed). As the complaint is currently pled, the Court cannot determine in many instances whom Plaintiff seeks to bring allegations against and what Plaintiff claims the defendant(s) did. Given Plaintiff's *pro se* status, the Court will give plaintiff a chance to clarify his claims.

Accordingly, Plaintiff is **ORDERED** to file an amended complaint within **THIRTY (30) DAYS** of the date of this Order that sufficiently identifies each intended defendant and connects

him or her to the specific alleged events and injuries. Plaintiff should attempt to use a defendant's name or last name where he knows it. If Plaintiff does not know a defendant's name or last name, he should at a minimum consistently and individually identify each unknown defendant, such as by Defendant John Doe 1, Defendant John Doe 2, *etc.*

Plaintiff is advised that if he does not elect to submit an amended complaint within thirty (30) days, the Court will proceed with the initial screening to determine whether the original complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

### II.     Motion to Consolidate (Doc. 10)

The Court next turns to plaintiff's motion to consolidate this case with *Freeman v. Warden, et al.*, No. 2:24-cv-3886 (S.D. Ohio) (Doc. 10). Plaintiff's complaint has not yet been screened and, for the above reasons, he is being given an opportunity to clarify his claims through an amended complaint. At this stage in the proceedings, plaintiff has failed to demonstrate that consolidation of these cases is warranted. Plaintiff's motion to consolidate is therefore **DENIED without prejudice**.

**IT IS SO ORDERED.**

August 7, 2025

s/*Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge