**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| WILLIE LEWIS HALL, III, | : | Case No. 2:25-cv-580 |
| | : | |
| Plaintiff, | : | Chief District Judge Sarah D. Morrison |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | |
| | : | |
| JEREMY EVANS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

On April 13, 2026, upon Plaintiff's motion, Case No. 1:26-cv-5 was consolidated with this case (*see* Case No. 1:26-cv-5 (Apr. 13, 2026 Notation Order)).  Five motions filed in this consolidated case, No. 2:25-cv-580, are currently before the Court:  Plaintiff's motions for leave to file a Second Amended Complaint and request transfer (Doc. 17); Plaintiff's motion to appoint counsel (Doc. 18); Plaintiff's motion to strike the previous two motions (Doc. 19); and Plaintiff's motion to waive copying of the U.S. Marshal 285 Form (Doc. 22).  The case is also before the Court on Plaintiff's reinstated motion for appointment of counsel (Doc. 26).  The motions are addressed below.

Because it is dispositive of two other motions, the Court turns first to Plaintiff's motion to strike (Doc. 19).  The motion (Doc. 19) is **GRANTED**.  In light of this ruling, Plaintiff's motions (Doc. 17 and 18) are **STRICKEN** from the record.  The **CLERK OF COURT** is therefore **DIRECTED** to strike Documents 17 and 18 from the docket record of this Court.

The Court turns next to Plaintiff's motion to waive copying of the U.S. Marshal 285 form (Doc. 22).  This motion (Doc. 22) is **DENIED** as premature.  The Court will revisit this motion, as appropriate, at the time of screening Plaintiff's Amended Complaint (Doc. 16).

Lastly, the Court considers Plaintiff's reinstated motion to appoint counsel (Doc. 26).  For the reasons below, it is **DENIED** without prejudice.

The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs.

The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances.  *Id.* at 605-06.  *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).  Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf.  The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such exceptional circumstances appear in this case.

As our sister court in the Eastern District of Michigan has reiterated:

"An 'exceptional circumstance' is something 'beyond relatively routine circumstances such as illiteracy, poverty, lack of legal knowledge, or illness.'" (ECF No. 18, PageID.67) (quoting *Andwan v. Village of Greenhills*, No. 1:13-cv-624, 2017 WL 194347, at *7 (S.D. Ohio Jan. 18, 2017)).  The difficulties of litigating a case due to incarceration alone do not warrant appointment.  *See, e.g., Jeter v. Lawless*, No. 1:19-CV-623, 2019 WL 6044202 (S.D. Ohio Nov. 15, 2019) (no exceptional circumstances found where plaintiff alleged difficulty in litigating matter due to incarceration and placement in segregation).

*Sanders v. Purdom*, No. 2:23-CV-11413, 2024 WL 4294635, at *1 (E.D. Mich. Sept. 25, 2024).

*See also Cortijo v. Andre*, No. 2:23-CV-0454, 2023 WL 6626506, at *7 (E.D. Cal. Oct. 11, 2023)

2

("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel."). The Court does not find exceptional circumstances warranting the appointment of counsel at this time. Plaintiff's reinstated motion to appoint counsel (Doc. 26) is **DENIED** without prejudice.

  **IT IS SO ORDERED.**

July 23, 2026

*s/ Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

3